# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 75238-3-I |
| Respondent, | |
| v. | DIVISION ONE |
| MICHAEL STADDEN WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | FILED: August 1, 2016 |

LEACH, J. — Michael S. Williams appeals the trial court's imposition of legal financial obligations (LFOs) as part of his judgment and sentence. He challenges the trial court's authority to convert a $1,000 mandatory drug fine into assessments of $500 to the Clallam County Drug Court and $500 to the drug enforcement fund of Olympic Peninsula Narcotics Enforcement Team (OPNET) without an enabling statute. Also, he challenges a discretionary LFO, claiming that the trial court did not inquire sufficiently into his present or future ability to pay.

The State concedes that the trial court had no authority to convert a mandatory drug fine into assessments to the drug court and OPNET. The State contends that Williams did not properly object to the discretionary LFO and thus may not raise the issue on appeal. Because this court has discretion to review an issue raised for the first time on appeal under RAP 2.5(a), and consistent with State v. Blazina,[1] we review this challenge. We conclude that the trial court did

---

[1] 182 Wn.2d 827, 344 P.3d 680 (2015).

not sufficiently inquire into Williams's present or future ability to pay as required by statute. We reverse and remand for resentencing consistent with this opinion.

## Background

Williams stole food from a Walmart store. When loss prevention personnel confronted him in the store's parking lot, he threw the items back in the store, pushed past the Walmart personnel, and ran. Police found him, arrested him, and, at the police station, discovered a glass vial containing heroin in his pocket. The State charged Williams with assault in the fourth degree, theft in the third degree, and possession of a controlled substance. The State moved to dismiss the assault and theft charges, and Williams pleaded guilty to possession. The State recommended LFOs, including a $1,000 drug fine reflected in the statement on plea of guilty.

At Williams's sentencing, the trial court asked about Williams's employment status. The trial court imposed LFOs and a 30-day sentence converted into a 240-hour community service obligation. The LFOs included a $500 victim assessment, a $200 criminal filing fee, a $500 court-appointed attorney recoupment fee, a $100 DNA (deoxyribonucleic acid) fee, and assessments of $500 to the drug court and $500 to OPNET. The trial court did not include the $1,000 drug fine recommended by the State. The court set monthly payments at $40.

Williams objected to the assessments to the drug court and OPNET. Counsel asked the trial court if it had made a finding that Williams was indigent and if it had waived the $1,000 drug fine. The trial court responded that it was not waiving the drug fine but was instead splitting the $1,000 drug fine between the drug court and OPNET. It acknowledged that it had no statutory basis to do so but noted that this practice was common.

Williams appeals.

## Analysis

Williams first asks this court to vacate the assessments for the drug court and OPNET. A court may impose LFOs only where statute permits.[2] RCW 9.94A.760(1) generally authorizes a court to impose LFOs as part of a felony sentence. And RCW 9.94A.030(31) permits the trial court to impose LFOs for county or interlocal drug funds. But this fee can be imposed only for a drug-related crime and commensurate with the costs of investigation.[3]

The State concedes that the trial court had no authority to order contributions to the drug court and OPNET. But it argues that Williams's sentence must be corrected by vacating the two improper assessments and then imposing a $1,000 drug fine required by statute.

RCW 69.50.430(1) requires that "[e]very adult offender convicted of a felony violation of RCW . . . 69.50.4013 . . . must be fined one thousand

---

[2] State v. Hathaway, 161 Wn. App. 634, 653, 251 P.3d 253 (2011).
[3] State v. Hunter, 102 Wn. App. 630, 640, 9 P.3d 872 (2000).

dollars . . . . [u]nless the court finds the adult offender to be indigent." A court must impose this mandatory LFO unless it finds that the defendant is indigent.[4] Thus, on remand, the trial court must vacate the two improper assessments and determine if Williams is indigent. If he is not, it must impose the mandatory $1,000 drug fine required by statute.

Williams next challenges the discretionary LFO imposed by the trial court. He claims that the trial court failed to properly assess his present or future ability to pay this LFO as required by statute.

The State argues that under RAP 2.5(a), Williams's failure to object to this LFO prevents him from raising this issue on appeal. That rule states, "The appellate court may refuse to review any claim of error which was not raised in the trial court." But an appellate court may review an issue raised for the first time on appeal.[5] Here, we exercise our discretion to review Williams's claim consistent with Blazina, which "found ample and increasing evidence that unpayable LFOs 'imposed against indigent defendants' imposed significant burdens on offenders and our community."[6]

The State correctly notes that the trial court has no discretion about imposing LFOs required by statute,[7] such as the $500 victim assessment fee,[8]

---

[4] State v. Mayer, 120 Wn. App. 720, 725-26, 86 P.3d 217 (2004).

[5] Blazina, 182 Wn.2d at 834-35.

[6] State v. Duncan, 185 Wn.2d 430, 437, ___ P.3d ___ (2016) (quoting Blazina, 182 Wn.2d at 835).

[7] See State v. Shelton, No. 72848-2-I, 2016 WL 3461164, at *4 (Wash. Ct. App. June 20, 2016).

[8] RCW 7.68.035(1)(a).

the $200 criminal filing fee,[9] and the $100 DNA collection fee.[10] Thus, the only LFO Williams may challenge is the discretionary $500 court-appointed attorney recoupment fee authorized by RCW 9.94A.760.[11]

RCW 10.01.160(3) requires a trial court to inquire into a defendant's current and future ability to pay discretionary LFOs:

> The court shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.

This provision requires the trial court to

> do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry. The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay. Within this inquiry, the court must also consider important factors, as amici suggest, such as incarceration and a defendant's other debts, including restitution, when determining a defendant's ability to pay.[12]

Here, the trial court asked Williams about where and how long he had been employed. Williams responded that he worked for a plumbing business, had been there several months, and was seeking a training card to help him get an apprenticeship.

Williams argues that the trial court made an insufficient inquiry because it did not ask how much money Williams expected to make, his other expenses

---

[9] RCW 36.18.020(2)(h).
[10] RCW 43.43.7541.
[11] See State v. Malone, 193 Wn. App. 762, 764, ___ P.3d ___ (2016) (listed the court-appointed attorney recoupment as a discretionary financial obligation).
[12] Blazina, 182 Wn.2d at 838.

and debt obligations, if he had savings, or other relevant questions. Nor did the trial court check the box in section 2.5 of its judgment and sentence, confirming that it had reviewed Williams's present and future ability to pay. Without any inquiry into Williams's debt obligations, as specifically required by Blazina, the trial court did not make an adequate, individualized inquiry into Williams's present and future ability to pay discretionary LFOs. It thus failed to comply with RCW 10.01.160(3).

Conclusion

Because the trial court improperly imposed an assessment on Williams of $500 to the drug court and $500 to OPNET, we remand for the court to vacate these assessments and determine if Williams is indigent. It shall also properly inquire into Williams's present and future ability to pay the discretionary LFO. After doing this, the trial court shall sentence Williams consistent with its findings.

We reverse and remand for sentencing consistent with this opinion.

WE CONCUR: